IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH HOLDER, | No. C 08-2572 CW (PR) |
| Petitioner, | ORDER ON REMAND<br>Ninth Circuit Case No. C 10-16904 |
| v. | |
| BEN CURRY, Warden, | ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING PETITIONER'S POST-REMAND REQUEST FOR IMMEDIATE RELEASE |
| Respondent. | |
| | (Docket no. 23) |

Petitioner Keith Holder, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, seeks immediate release in this 28 U.S.C. § 2254 habeas action, following an order of remand from the Ninth Circuit. Having considered the papers filed by the parties in support of and in opposition to the motion, the Court DENIES Petitioner's request for immediate release and DISMISSES the petition without prejudice.

BACKGROUND

On August 6, 2010,[1] the Court granted Petitioner's pro se petition for a writ of habeas corpus under § 2254, finding that the California Board of Parole Hearings (BPH) unlawfully denied Petitioner parole at his October 26, 2006 parole consideration hearing.[2] The Court remanded the matter to the BPH to set a parole date within thirty days unless it found new evidence, arising after the 2006 hearing, of Petitioner's current dangerousness. Docket

---

[1] Unless noted otherwise, all proceedings to which this Order refers occurred in 2010.

[2] Counsel was appointed for Petitioner on appeal and he is represented by counsel in these post-remand proceedings.

no. 9 (August 6 Order). On August 27, Respondent filed a motion to stay the Court's August 6 Order pending appeal. Docket no. 11. Petitioner opposed the motion. Docket no. 16.

On September 2, before the Court addressed the stay request, the BPH complied with the August 6 Order by holding a new parole hearing, at which it found Petitioner suitable for parole and set a release date of September 9. Docket no. 17.

The next day, on September 3, the Court granted in part and denied in part Respondent's motion to stay the August 6 Order; specifically, the Court denied the request for a stay pending appeal, but granted a temporary stay to permit Respondent to seek a stay in the Ninth Circuit. Docket no. 15. That same day, Respondent appealed to the Ninth Circuit and sought a stay of the August 6 Order. See Holder v. Curry, Case No. C 10-16904, Appeal Docket no. 2.

On October 26, Petitioner filed in the Ninth Circuit an Emergency Motion for Miscellaneous Relief. Petitioner asked the Ninth Circuit to dismiss as moot both Respondent's appeal and his request for a stay, on the ground the BPH had found Petitioner suitable for parole on September 2. Appeal Docket no. 6. In addition, Petitioner asked the Ninth Circuit to remand the case to this Court to determine why Petitioner had yet to be released, despite a release date of September 9 having been set by the BPH. Id.

On November 30, the Ninth Circuit granted Respondent's motion to stay the August 6 Order pending appeal and denied Petitioner's emergency motion. Appeal Docket no. 8.

On December 15, the BPH, in light of the Ninth Circuit's stay order, vacated its September 2 finding of parole suitability and

scheduled a new parole hearing for Petitioner to be held on November 3, 2012. Docket no. 29, Ex. 3.

On December 20, Respondent filed an opening brief on appeal, seeking reversal of the August 6 Order. Appeal Docket no. 10. Petitioner, in opposition, argued that the Court's order was proper and that he should be released based on the September 2 finding of parole suitability by the BPH. Appeal Docket no. 14. In reply, Respondent argued that the Supreme Court's intervening decision, in Swarthout v. Cooke, 131 S. Ct. 859 (2011), required reversal of the August 6 Order and that Petitioner's argument for immediate release was without merit. Appeal Docket no. 20.

Subsequently, on March 22, 2011, the Ninth Circuit ordered Petitioner to show cause why summary reversal of this Court's judgment would not be appropriate, in light of Swarthout. Appeal Docket no. 23. Petitioner filed a response in which he argued that Swarthout did not require reversal of the Court's judgment, and that the appeal should be dismissed as moot because the BPH had already complied with the August 6 judgment by finding Petitioner suitable for parole and it had no lawful basis for vacating that decision. Appeal Docket no. 24. Respondent filed a reply arguing that Swarthout required reversal, and that the judgment was not moot because affirmance thereof would require this Court to order a new hearing in light of the BPH's reversal of the parole grant. Appeal Docket no. 25.

On May 10, 2011, the Ninth Circuit issued an order directing as follows:

> Appellee's motion to dismiss this appeal, included in his response to the court's March 22, 2011 order to show cause, is granted. We hereby vacate the district court's

3

> August 6, 2010 judgment, and remand for further proceedings consistent with this order. See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950) (district court decision that becomes moot prior to appellate court's disposition must be vacated).
>
> In the alternative, even if we were to determine that this appeal was not moot, we would summarily reverse the district court's judgment in light of the Supreme Court's holding in Swarthout v. Cooke, which was issued during the pendency of this appeal. 131 S. Ct. 859 (2011) (per curiam) (holding that federal courts cannot review the application of the "some evidence" rule in a federal habeas corpus proceeding and are limited to review of whether minimum procedures adequate for due process protection are met).
>
> DISMISSED, VACATED, and REMANDED.

Appeal Docket no. 26. The mandate issued on June 2, 2011. Appeal Docket no. 27.

Thereafter, Petitioner filed the present "Post-Remand Request for Immediate Release." Respondent has opposed the request and Petitioner has filed a reply.

## DISCUSSION

The parties disagree as to what further action this Court is required to take in view of the Ninth Circuit's remand order. Petitioner argues that, because the BPH complied with the Court's August 6 Order by granting him parole on September 2 and setting a release date, the Ninth Circuit's remand order requires the Court to order that he be released on parole. As an additional and necessary argument in support of this proposition, Petitioner maintains that the BPH's subsequent decision to vacate its decision granting parole is invalid.

Respondent argues that the BPH properly vacated its September 2 parole decision in response to the Ninth Circuit's stay order. Additionally, Respondent asserts that Petitioner is not entitled to the windfall that would result because this Court did not rule on

4

Respondent's August 27 request for a stay until September 3, a day after the BPH held a hearing and set a release date in order to comply with the deadline set in the Court's August 6 Order for doing so. This confluence of events, Respondent argues, does not justify a favorable result for Petitioner, who is serving a valid life sentence and has suffered no due process violation.

The Court finds Petitioner is not entitled to the relief he seeks for the following reasons. When the Ninth Circuit granted Respondent's request for a stay of the Court's August 6 Order pending appeal, the BPH already had complied with that Order by setting a release date for Petitioner. Petitioner argues, therefore, that the stay served to maintain the status quo existing at that time, i.e., that Petitioner had been granted a parole date and would be released. However, the Ninth Circuit was aware, at the time it issued its order dismissing the appeal as moot, that the BPH had vacated its parole decision in light of the Ninth Circuit's stay. The Ninth Circuit dismissed the appeal as moot knowing that the parole grant had been overturned. Accordingly, the Court concludes that the remand order was not intended to return the parties to the status quo that existed before the Ninth Circuit granted Respondent's request for a stay.

Moreover, it is notable that the Ninth Circuit not only remanded the matter to this Court for further proceedings, it vacated the Court's judgment, which had granted the writ and had ordered the BPH to set a release date. Thus, if this Court were to enter a new judgment ordering the BPH to release Petitioner, this Court would be in the untenable position of re-entering the very judgment vacated by the Ninth Circuit. The Ninth Circuit made

5

clear in its alternative ruling in the remand order that such a judgment cannot stand: "[E]ven if we were to determine that this appeal was not moot, we would summarily reverse the district court's judgment in light of the Supreme Court's holding in Swarthout v. Cooke, which was issued during the pendency of this appeal." Appeal Docket no. 26. Further, Petitioner's argument for release is that the BPH's decision to vacate the parole grant violated state law procedures and Petitioner's right to due process. This Court would be required to decide this issue as an initial matter. Instead, this argument must be addressed, at least in the first instance, by the state courts.

Finally, the Ninth Circuit's intent in its remand order is manifested by its citation of United States v. Munsingwear, Inc., 340 U.S. 36 (1950). In that case, the Supreme Court clarified that, when a case has become moot pending appeal, the proper procedure is for the reviewing court to reverse or vacate the judgment below and remand with a direction to dismiss. Id. at 39-40. "That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary." Id. at 40.

In sum, the Court finds that the Ninth Circuit's order dismissing the appeal as moot, vacating the judgment and remanding the case to this Court for further proceedings requires the Court to enter a judgment dismissing the petition without prejudice, nothing more. Accordingly, Petitioner's post-remand request for

6

immediate release is DENIED.  The Court dismisses the petition based on <u>Swarthout</u>, to the extent it attacks the October 26, 2006 parole denial.  The dismissal is without prejudice to an attack in state court on the BPH's December 10, 2010 decision to vacate its September 3, 2010 parole grant.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for post-remand release is DENIED.  The Clerk of the Court shall enter a judgment DISMISSING the instant petition for writ of habeas corpus WITHOUT PREJUDICE.

This Order terminates Docket no. 23.

IT IS SO ORDERED.

Dated: 4/11/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE